IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOCHASANWASI SHRI AKSHAR PURUSHOTTAM SWAMINARAYAN SANSTHA, INC. D/B/A BAPS DALLAS, LLC <br>     PLAINTIFF <br><br> V. <br><br> CHURCH MUTUAL INSURANCE COMPANY; TAILORED ADJUSTMENT SERVICES, INC.; JARED E. GOMEZ <br>     DEFENDANTS | § § § § § § § § § § § § § | CIVIL ACTION NO. 3:17-cv-1838 |

**DEFENDANT CHURCH MUTUAL INSURANCE
COMPANY'S NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Church Mutual Insurance Company ("Church Mutual") files this Notice of Removal to the United Stated District for the Northern District of Texas, Dallas Division, and respectfully shows the following:

**I. Summary of Removal**

1.  Defendant Church Mutual Insurance Company ("Church Mutual") removes this matter from the 116th District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. Church Mutual has met all of the requirements of 28 U.S.C. § 1441, as there is complete diversity between itself and Plaintiff Bochasanwasi Shri Akshar Purushottam Swaminarayan Sanstha, Inc. d/b/a BAPS Dallas, LLC ("BAPS"). Church Mutual is a citizen of the state of Wisconsin. BAPS is a citizen of the State of New Jersey. For removal purposes, the citizenship of Co-Defendants Tailored Adjustment Services, Inc. ("Tailored") and Jared E. Gomez ("Gomez") should be disregarded as they have

1

been improperly or fraudulently joined. Thus, there are grounds for removal of this action to federal court.

## II. Removal Exhibits

2. In support of its Notice of Removal, Church Mutual attaches the following exhibits, and incorporates the same herein by reference:

| | |
|---|---|
| Exhibit A | Index of All Documents; |
| Exhibit B | Docket Sheet (7/10/2017); |
| Exhibit C | Plaintiff's Original Petition (5/12/2017); |
| Exhibit D | Civil Case Information Sheet (5/12/2017); |
| Exhibit E | Citation to Church Mutual Insurance Company (5/12/2017); |
| Exhibit F | Citation to Tailored Adjustment Services, Inc. (5/12/2017); |
| Exhibit G | Citation to Jared E. Gomez (5/12/2017); |
| Exhibit H | Citation, Officer's Return and Return of Service for Church Mutual Insurance Company (6/28/2017); |
| Exhibit I | Citation and Return of Service for Tailored Adjustment Services, Inc. (6/29/2017); |
| Exhibit J | Defendant's Original Answer (Church Mutual Insurance Company) (7/06/2017); |
| Exhibit K | Defendant's Original Answer (Tailored Adjustment Services, Inc.) (7/06/2017); |
| Exhibit L | Civil Cover Sheet (7/13/2017); |
| Exhibit M | Supplemental Civil Cover Sheet for Cases Removed From State Court (7/13/2017); |
| Exhibit N | Certificate of Interested Persons (7/13/2017); and |
| Exhibit O | Application for Registration for a Nonprofit Corporation. |

### III. Procedural Background

3. On May 12, 2017, this civil action was commenced by the filing of Plaintiff's Original Petition ("BAPS' Original Petition," "Petition" or "BAPS' Petition") in the 116th District Court of Dallas County, Texas under Cause No. DC-17-05686; *Bochasanwasi Shri Akshar Purushottam Swaminarayan Sanstha, Inc. d/b/a BAPS Dallas, LLC v. Church Mutual Ins. Co., Tailored Adjustment Services, Inc. and Jared E. Gomez* ("State Court Suit").

4. In the Petition, BAPS seeks damages related to a property insurance policy issued by Church Mutual that was in effect when BAPS' property was allegedly damaged by water due to an underground water line that was broken during the installation of solar panels from the property next door. *See* Exhibit C, ¶ 15. The Petition makes numerous allegations against Church Mutual, Tailored and Gomez and alleges causes of action for breach of contract, violations of the Texas Unfair Claims Practices Act, non-compliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act," breach of common law duty of good faith and fair dealing and unfair settlement practices. *See id.*, ¶ 45-78.

5. Church Mutual was served with a copy of the citation and BAPS' Original Petition on June 20, 2017. Tailored was served with a copy of the citation and BAPS' Original Petition on June 21, 2017. To Church Mutual's knowledge, Gomez has not been served with a copy of the citation and BAPS' Original Petition as of the filing of this Notice of Removal. Church Mutual now removes this case to federal court pursuant to 28 U.S.C. § 1441.

### IV. Argument and Authorities

**A.    Legal standard for removing cases**

6. A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed. *See Manguno v. Prudential*

*Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S. § 1441). The removing party bears the burden of establishing that a state-court suit is removable to federal court. *Id* (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), *cert denied*, 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995)). To determine whether there is removal jurisdiction, the claims in the state court petition are considered as they existed at the time of removal. *Manguno*, 276 F.3d at 723. Doubts about the propriety of removal are to be resolved in favor of remand. *See In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam).

    **B.**    **This Court has jurisdiction pursuant to 28 U.S.C. § 1332**

        **1.**    **There is complete diversity between the parties.**

7.    Under 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction of all civil actions where there is diversity of citizenship and the matter in controversy exceeds $75,000 exclusive of interests and costs. 28 U.S.C. § 1332(a)(1). If federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, a case is removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought. 28 U.S.C. § 1441(b).

8.    BAPS is a foreign non-profit corporation organized under the laws of the State of Delaware with its principal place of business in the State of New Jersey. *See* Exhibit O. Church Mutual is a foreign corporation, i.e. a corporation duly organized under the laws of the State of Wisconsin, with its principal place of business located in Merrill, Lincoln County, Wisconsin. Accordingly, there is complete diversity between BAPS and Church Mutual. Tailored's citizenship and Gomez's citizenship are irrelevant and should be disregarded for removal purposes because they have been improperly joined in this lawsuit to defeat diversity jurisdiction.

### 2. Tailored and Gomez are improperly joined to defeat diversity jurisdiction, because there is no reasonable basis of recovery under Texas law

9. A case may be removed to federal court despite the presence of a resident defendant if the removing defendant shows that the resident defendant was improperly or fraudulently joined. *Salazar v. Allstate Texas Lloyds's, Inc.* 455 F.3d 571, 574 (5th Cir. 2006). In any case involving an improperly or fraudulently joined party, written consent for removal of the improperly or fraudulently joined party is not required. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); 28 U.S.C. § 1446(b)(2)(A). To establish that a non-diverse defendant has been improperly joined to defeat diversity jurisdiction, the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005). If the removing party is not claiming actual fraud in the pleading of the jurisdictional facts, the test for improper or fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against a non-diverse defendant. *Id*. Stated differently, this means there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against a non-diverse defendant. *Id*.

10. The standard for evaluating a claim of improper or fraudulent joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007); *Johnson v. Zurich American Ins. Co.*, 2011 WL 3111919 (N.D. Texas, 2011). "The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6), because the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff

has a basis in fact for the claim." *Campbell*, 509 F.3d at 665. "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 574. The petition as filed in state court controls the inquiry, thus any post removal filing may not be considered when or to the extent they present new causes of action or theories. *Cavallini v. State Farm Mut. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *Griggs v. State Farm Lloyds*, 181 F.3d. 694, 699 (5th Cir. 1999).

11.     Although not patently obvious in BAPS' Petition, BAPS' causes of action focus on Church Mutual's denial of the claim because the insurance policy does not provide coverage for damage by surface water. Whether an insurance policy provides coverage for certain damage is a question of law, i.e. a question of contract interpretation, rather than a question of fact. *See Balfour Beatty Rail, Inc. v. The Kansas City S. Ry. Co.*, 173 F.Supp.3d 363, 398 (N.D. Tex. 2016) (citing *McLane Foodservice, Inc. v. Table Rock Rests., L.L.C.*, 736 F.3d 375, 377 (5th Cir. 2013); *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983)) (stating question of contract interpretation is question of law). BAPS' Petition includes the following allegations against Tailored and Gomez (and Church Mutual): "improper, inadequate, and incomplete investigation," "failed to pay for the covered water damages to Plaintiff's property," "failed to properly investigate, evaluate and adjust Plaintiff's claim for benefits in good faith," "failed and refused to evaluate the information surrounding facts regarding Plaintiff's covered claim," "failed or refused and continue to fail or refuse to pay covered claim on a timely basis as required by the insurance contract and as required by the Texas Insurance Code," "persisted in delay or denial to pay the full amounts due for Plaintiff's claim," "misrepresented to Plaintiff that the damages to the property were not due to the covered perils," "failed to make an attempt to

settle the claims in a fair manner," and "failed to properly evaluate the obvious damages to Plaintiff's property," "failed to conduct a reasonable investigation," "performed an outcome-oriented investigation of Plaintiff's claims," "failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay" and other similar allegations. *See* Exhibit C, ¶¶ 24-44.

12. The foregoing conduct is irrelevant to a determination of whether the insurance policy provides coverage for damage by surface water (which it does not). The fact that BAPS' allegations against Tailored and Gomez (and Church Mutual) are irrelevant to the coverage determination shows BAPS joined Tailored and Gomez simply to defeat diversity. BAPS has not alleged facts against Tailored or Gomez supporting a reasonable basis under Texas law for the recovery against Tailored or Gomez; thus, the Court should disregard Tailored's citizenship and Gomez's citizenship when determining the complete diversity of the parties and propriety of the removal.

13. Furthermore, BAPS' Petition alleges a single cause of action against Tailored and a single cause of action against Gomez, each of which is entitled "Unfair Settlement Practices." *See* Exhibit C, ¶¶ 70-78. BAPS' Petition alleges the single cause of action against Tailored based on Texas Insurance Code §§ 541.151, 541.051, 541.060 and 541.061. *See* Exhibit C, ¶¶ 70-74. *See also* TEX. INS. CODE §§ 541.051, 541.060, 541.061 and 541.151. BAPS' Petition alleges the single cause of action against Gomez based on the same three sections of the Texas Insurance Code. Section 541.051 is entitled and prohibits "Misrepresentation Regarding Policy or Insurer." *See* TEX. INS. CODE § 541.051. Section 541.061 is entitled and prohibits "Misrepresentation of Insurance Policy." *See* TEX. INS. CODE § 541.061. Section 541.060 is entitled "Unfair Settlement Practices." *See* TEX. INS. CODE § 541.060. Section 541.151 is merely the provision describing the

private action for damage. *See* TEX. INS. CODE § 541.151. BAPS' Petition has not stated a reasonable basis for predicting that state law would allow recovery against Tailored or Gomez. *See Smallwood*, 385 F.3d at 573.

14. As for the two provisions prohibiting misrepresentations, BAPS' allegation of a misrepresentation is "Defendants, CHURCH MUTUAL, TAILORED and GOMEZ have misrepresented to Plaintiff that the damages to the property were not due to the covered perils from the water damage of December 4th, 2016, even though the damages were caused by covered perils." *See* Exhibit C, ¶ 35. BAPS also alleges Tailored misrepresented "to Plaintiff material facts relating to the coverage at issue….." *See id.*, ¶ 74. BAPS did not make any similar allegation as to Gomez. In fact, BAPS' allegations of its single cause of action against Gomez are a mere four short sentences. *See id.*, ¶¶ 76-78. When reading Sections 541.051 and 541.061, it is clear that neither section is intended to encompass an adjuster's determination of a cause of loss in an insurance claim. In other words, even taking BAPS' allegation that Tailored and Gomez stated that the damages to the property were not due to the covered perils as true, it is clear that such a statement does not amount to any misrepresentation that is prohibited by or actionable under either Section 541.051 or Section 541.061.

15. Furthermore, BAPS made the allegation of a single purported misrepresentation against all three defendants rather than solely Tailored or Gomez. Federal courts in Texas have held insurance adjusters were fraudulently joined where plaintiffs alleged "the defendants" committed misrepresentations, violations of the DTPA, violations of the Texas Insurance Code, and other common law violations, but plaintiffs failed to attribute any specific actionable conduct to the adjusters individually. *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 4:09-CV-165A, 2009 WL 1437837 (N.D. Tex. May 22, 2009); *Moore v. Travelers Indem. Co.*, 3:10-CV-

1695-D, 2010 WL 5071036 (N.D. Tex. Dec. 7, 2010); *Hansen v. State Farm Lloyds*, H-01-1457, 2001 WL 34109375 (S.D. Tex. June 29, 2001); *Jones v. State Farm Lloyds*, No. H-01-1505 (S.D. Tex. July 23, 2001); *TAJ Properties, LLC v. Zurich Am. Ins. Co.*, H-10-2512, 2010 WL 4923473 (S.D. Tex. Nov. 29, 2010); *TAJ Properties, LLC v. GAB Robins N. Am., Inc.*, H-10-4134, 2011 WL 2162321 (S.D. Tex. June 2, 2011); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, H-09-1728, 2009 WL 3602043 (S.D. Tex. Oct. 27, 2009); *Lakewood Baptist Church v. Church Mut. Ins. Co.*, No. 3:12-cv-5111-M, 2013 WL 3487588 (N.D. Tex. July 11, 2013). Moreover, the Southern District of Texas recently reiterated this principle when it stated that "'legal conclusions couched as factual allegations' or near verbatim recitations of the statutory language" are "insufficient to meet federal pleading standards." *See First United Methodist Church v. Church Mutual Ins. Co.*, No. 5:16-CV-300, slip op. at 6 (S.D. Tex. June 21, 2017) (citations omitted).[1] The Southern District also specifically noted the standard for determining improper joinder of an insurance adjuster: "a plaintiff must allege specific actionable conduct and distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer." *Id.* at 4 (citing *Mt. Olive Missionary Baptist Church v. Underwriters at Lloyd's, London*, 2016 WL 4494439, at *3 (S.D. Tex. Aug. 26, 2016)).

16. Like the petitions in the above-referenced cases, the allegations in BAPS' Petition are merely legal conclusions couched as factual allegations with no factual support in the Petition. Nowhere in its petition does BAPS specifically allege that Tailored itself or Gomez himself made any misrepresentation to BAPS that would allow recovery under the Insurance Code. BAPS instead only identifies all three defendants in its conclusory allegation. Since the allegations against Tailored and Gomez are legal conclusions cast as factual allegations, there are no facts supporting a reasonable basis under Texas law for the recovery against Tailored or

---

[1] The opinion is entitled "Memorandum & Order."

Gomez. The only plausible reason for joining Tailored or Gomez in this case is to defeat diversity jurisdiction. For all of these reasons, the Court should disregard Tailored's citizenship and Gomez's citizenship when determining the complete diversity of the parties and propriety of the removal.

17. As for the Petition's allegations that Tailored and Gomez violated Section 541.060 of the Texas Insurance Code, BAPS has no reasonable basis of recovery for this cause of action. In a 2014 opinion in which the insurer argued improper joinder of an adjuster, the Northern District of Texas conducted the requisite Rule 12(b)(6) analysis and closely evaluated the viability of claims against the adjuster. *Plascencia v. State Farm Lloyds*, 4:14-CV-524-A, 2014 U.S. Dist. LEXIS 135081 (N.D. Tex. Sept. 25, 2014). In *Plascencia*, the Court noted that

> [w]hile some of plaintiff's conclusory allegations against [the adjuster] are couched as factual allegations, a close analysis discloses that they are nothing more than mere conclusions. No facts are alleged that would plausibly lead to the conclusion that plaintiff suffered any damage by reason of [the adjuster's] conduct, bearing in mind that ultimately [the insurer], not [the adjuster], would have made the decision as to whether to pay, and what to pay, plaintiff.

*Plascencia*, 2014 U.S. Dist. LEXIS 135081, at *15.

18. The Court also observed

> [i]n a factually similar case, *Griggs v. State Farm Lloyds*, the Fifth Circuit found significant that the insured-plaintiff's 'factual allegations and his articulation of his legal claims focus solely upon State Farm Lloyd's conduct in the processing and ultimate denial of his claim.' The same is true here. Notwithstanding plaintiff's boilerplate allegations against [the adjuster], plaintiff's focus, and true complaint, has to do with [the insurer's] failure to pay plaintiff what plaintiff says he should receive under the terms of his insurance policy.

*Id.*, at *15 – 16 (citing *Id.* (citing *Griggs*, 181 F.3d at 699). The Court "concluded from its Rule 12(b)(6)-type analysis that plaintiff's pleading fails to state a claim against [the adjuster] and that

there is no reasonable basis for the court to predict that plaintiff might be able to recover from [the adjuster]." *Id.*, at *16.

19. Furthermore, "[t]he Fifth Circuit ... has made clear that in order to find a reasonable possibility that a Texas court would allow recovery against an insurance adjuster, the plaintiff must demonstrate that the adjuster, as an individual, committed the Texas Insurance Code or DTPA violation that caused the harm." *Green v. Nationwide Mut. Ins. Co.*, No. A-12-CV-600; 2012 U.S. Dist. LEXIS 155062, at *11 – 12 (W.D. Tex. Oct. 17, 2012) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 (5th Cir. 2004)). In *Green*, the Western District found that since the petition failed to plead any false, misleading, deceptive or unconscionable acts by the adjuster or individual acts by the adjuster indicating a violation of the Texas Insurance Code, there was "no reasonable basis for recovery for the plaintiff's DTPA claim against the adjuster." *Id.* at *12. The Western District concluded that since the plaintiff did not present a reasonable basis to predict that he could recover against the adjuster for breach of contract, DTPA violations or bad faith, the adjuster was improperly joined. *Id.*

20. Here, as in *Plascencia*, the allegations in BAPS' Petition are merely conclusions couched as factual allegations with no factual support. *See* 2014 U.S. Dist. LEXIS 135081, at *15; *First United Methodist Church*, No. 5:16-CV-300, slip op. at 4, 6. Nowhere in its Petition does BAPS allege that Tailored itself or Gomez himself committed any <u>specific act</u> or made any <u>misrepresentation</u> that would allow recovery under Texas Insurance Code § 541.060. *See* Exhibit C. *See also Green*, 2012 U.S. Dist. LEXIS 155062, at *11 – 12; *Hornbuckle*, 385 F.3d at 544. The Petition merely repeats portions of Texas Insurance Code § 541.060 and makes only generic conclusory allegations against Tailored and Gomez. Moreover, in the Petition, BAPS' focus and true complaint involves Church Mutual's alleged failure to pay BAPS' claim under the policy for

11

BAPS' losses from the water damage in December 2016. *See Plascencia*, 2014 U.S. Dist. LEXIS 135081, at *15 – 16.

21.   The Petition does not make a single factual allegation against only Tailored or only Gomez. Nor does the Petition make a single factual allegation against only Tailored and Gomez. Instead, the Petition lumps together allegations against Tailored and Gomez with allegations against Church Mutual. The Petition's allegations against all three defendants include the following: "improper, inadequate, and incomplete investigation," "failed to pay for the covered water damages to Plaintiff's property," "failed to properly investigate, evaluate and adjust Plaintiff's claim for benefits in good faith," "failed and refused to evaluate the information surrounding facts regarding Plaintiff's covered claim," "failed or refused and continue to fail or refuse to pay covered claim on a timely basis as required by the insurance contract and as required by the Texas Insurance Code," "persisted in delay or denial to pay the full amounts due for Plaintiff's claim," "misrepresented to Plaintiff that the damages to the property were not due to the covered perils," "failed to make an attempt to settle the claims in a fair manner," and "failed to properly evaluate the obvious damages to Plaintiff's property," "failed to conduct a reasonable investigation," "performed an outcome-oriented investigation of Plaintiff's claims," "failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay" and other similar allegations. *See* Exhibit C, ¶¶ 24-44.

22.   Besides the fact that the foregoing allegations are made against all three defendants rather than only Tailored or only Gomez (or even the two of them), the Petition does not include specific facts supporting the conclusory allegations against Tailored and Gomez. For example, with respect to the allegation that Tailored and Gomez (and Church Mutual) conducted an "improper, inadequate, and incomplete investigation" and "failed to conduct a reasonable

investigation," the Petition does not state what in particular was improper, inadequate, incomplete or unreasonable about the investigation. Nor does the Petition allege any other facts supporting these conclusory allegations. Another example lies in the Petition's omission of any facts showing any actual alleged misrepresentation by Tailored itself or Gomez himself.

23.     Moreover, BAPS' Petition lumps Tailored and Gomez together with Church Mutual in the allegations regarding payment of the claim further demonstrates that Tailored and Gomez. Examples of such allegations include the following: "failed to pay for the covered water damages to Plaintiff's property," "failed or refused and continue to fail or refuse to pay covered claim on a timely basis," "persisted in delay or denial to pay the full amounts due for Plaintiff's claim," "failed to make an attempt to settle the claims in a fair manner" and "failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay" and other similar allegations. *See* Exhibit C, ¶¶ 24-44. It is well known that an adjuster does not make the decision of whether to pay a claim. The insurer makes the decision. Since BAPS' Petition makes these allegations pertaining to payment obligations against all three defendants, it is clear that Tailored and Gomez were joined simply in an effort to defeat diversity.

24.     Simply put, the Petition's allegations against Tailored and Gomez are mere repetition of provisions of the Texas Insurance Code and conclusory statements without factual support. As such, there is no reasonable basis under Texas law for recovery against Tailored or Gomez. *See Plascencia*, 2014 U.S. Dist. LEXIS 135081, at *15; *Green*, 2012 U.S. Dist. LEXIS 155062, at *11 – 12; *Hornbuckle*, 385 F.3d at 544. The only plausible reason for joining Tailored and Gomez is to defeat diversity jurisdiction. For all these reasons, the Court should disregard Tailored's citizenship and Gomez's citizenship upon any determination of the complete diversity of the parties and propriety of the removal.

### 3. The amount in controversy exceeds $75,000.00

25. BAPS' Petition expressly states "Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00 and demand for judgment for all the other reliefs to which the parties deems itself entitled." *See* Exhibit C, ¶ 7. *See* 28 U.S.C. § 1446(c)(2) (stating sum demanded in good faith in the petition is the amount in controversy). Thus, BAPS seeks damages in excess of $75,000.00, exclusive of interest, costs, and attorney fees. Church Mutual may therefore remove the case to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446.

### C. All requirements for removal have been met and removal to this Court is proper

26. In accordance with 28 U.S.C. § 1446(b), a defendant timely files its notice of removal within 30 days after receiving a copy of the initial pleading. Church Mutual was served with citation and the Petition on June 20, 2017. Therefore, removal is timely as this Notice of Removal was filed within the time limits required.

27. The United States District Court for the Northern District of Texas, Dallas Division is the proper court in which to remove this action pursuant to 28 U.S.C. § 1446(a), in that this civil action is pending in this district and division.

28. In accordance with the provisions of 28 U.S.C. § 1446(d), Church Mutual is serving written notice upon counsel for BAPS and is filing a copy of this Notice of Removal with the District Clerk of Dallas County, Texas.

29. Pursuant to Local Rule 81.1a, the following items have been attached to this Notice of Removal: (i) a completed civil cover sheet; (ii) a supplemental civil cover sheet; (iii) an index of all documents that clearly identifies each document and indicates the date the document was filed in state court; (iv) a copy of the docket sheet in the state court action; (v) each document filed in the state court action, except discovery material; and (vi) a separately

signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e).

## V.  Jury Demand

30. Church Mutual did not make a demand for a jury trial in the State Court Suit but is filing a Demand for Jury Trial simultaneously with this Notice of Removal.

## VI. Conclusion

WHEREFORE Defendant Church Mutual Insurance Company files its Notice of Removal that the above-entitled action is removed from the 116th District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division and Defendant requests that this Court take jurisdiction of the case through to final judgment in accordance with the laws of the United States.

Respectfully submitted,

SHEINESS, GLOVER, & GROSSMAN, L.L.P.

By: _____
Marc A. Sheiness
Attorney-in-Charge
Texas State Bar No. 18187500
Federal Bar No. 2591
4544 Post Oak Place Drive, Suite 270
Houston, Texas 77027
Telephone: (713) 374-7005
Facsimile:  (713) 374-7049
Email: msheiness@hou-law.com

Attorney for Defendant
CHURCH MUTUAL INSURANCE COMPANY

Local Counsel for Defendant:

Jennifer LeBlanc
State Bar No. 24002473
Macdonald Devin P.C.
3800 Renaissance Tower

1201 Elm Street
Dallas, Texas 75270
Telephone: (214) 744-3300
Facsimile: (214) 747-0942
Email: JLeBlanc@macdonalddevin.com

## **CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that a true and correct copy of this instrument has been served on all counsel of record by e-filing, certified mail – return receipt requested, regular mail, fax, email or hand delivery on this 13th day of July 2017.

 Javier Delgado
 Merlin Law Group
 515 Post Oak Blvd., Ste. 750
 Houston, Texas 77027

_____
MARC A. SHEINESS